**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

_____

*970 Broad Street, 7ʰ floor*          *973-645-2700*
*Newark, New Jersey 07102*

RAS/PL AGR
2025R00385

August 12, 2025

**VIA EMAIL**
Peter Kapitonov, Esq.
199 Main Street, Suite 608
White Plains, NY 10601
Peter.kapitonov@gmail.com

Re:    Plea Agreement with Karla Suyapa Dominguez

Dear Counsel:

This letter sets forth the plea agreement between your client, Karla Suyapa Dominguez ("Dominguez"), and the United States Attorney's Office for the District of New Jersey ("this Office"). This offer will expire on **August 18, 2025**, if it is not accepted in writing by that date. If Dominguez does not accept this plea agreement, her sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Dominguez to an Information, which charges Dominguez with one count of immigration document fraud, in violation of 18 U.S.C. § 1546(a). If Dominguez enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Dominguez for possessing fraudulent immigration documents from in or around April 2023 through on or about May 2025.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Dominguez even if the applicable statute of limitations period for those charges expires after Dominguez signs this agreement, and Dominguez agrees not to assert that any such charges are time-barred. Moreover, Dominguez knowingly and intentionally waives any challenge to the statute of limitations pertaining to her violation of 18 U.S.C. § 1546(a).

<u>Sentencing</u>

The violation of 18 U.S.C. § 1546(a) charged in the Information to which Dominguez agrees to plead guilty carries a statutory maximum prison sentence of 10 years. Any prison sentence imposed may run consecutively to any other prison sentence Dominguez is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Dominguez is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Dominguez ultimately will receive.

Further, in addition to imposing any other penalty on Dominguez, the sentencing judge as part of the sentence:

(1)     will order Dominguez to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)     may order Dominguez to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3)     may order Dominguez, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of her offense;

(4)     must order forfeiture pursuant to 21 U.S.C. § 853;

(5)     pursuant to 18 U.S.C. § 3583, may require Dominguez to serve a term of supervised release of not more than one year, which will begin at the expiration of any term of imprisonment imposed. Should Dominguez be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Dominguez may be sentenced to not more than one year imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture

As part of Dominguez's acceptance of responsibility, and pursuant to 18 U.S.C. § 982(a)(6)(A), Dominguez agrees to forfeit to the United States all right, title, and interest in: (1) any conveyance, including any vessel, vehicle, or aircraft used in the commission of the immigration document fraud offense charged in the Information; (2) any property real or personal that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the immigration document fraud offense charged in the Information; and (3) any property real or personal that is used to facilitate, or is intended to be used to facilitate, the commission of immigration document fraud offense charged in the Information.

Dominguez further acknowledges that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is entitled to forfeit substitute assets (the "Money Judgment"). Dominguez consents to the entry of an order requiring Dominguez to pay the Money Judgment, in the manner described below (the "Order"), and that the Order will be final as to Dominguez prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102

Dominguez further agrees that upon entry of the Order, this Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

Dominguez waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Dominguez understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise Dominguez of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. Dominguez waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. Dominguez further understands that Dominguez has no right to demand that any forfeiture of Dominguez's assets be treated as

satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon Dominguez in addition to forfeiture.

Dominguez further agrees that Dominguez will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office within 14 days of this Office requesting that Defendant do so. If Dominguez fails to timely provide a complete and accurate Financial Disclosure Statement, or if this Office determines that Dominguez has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Dominguez by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Dominguez's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Dominguez will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing

court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Dominguez waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

## Immigration Consequences

Dominguez understands that, if Dominguez is not a citizen of the United States, Dominguez's guilty plea to the charged offense will likely result in Dominguez being subject to immigration proceedings and removed from the United States by making Dominguez deportable, excludable, or inadmissible, or ending Dominguez's naturalization. Dominguez understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Dominguez wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause Dominguez's removal from the United States. Dominguez understands that Dominguez is bound by this guilty plea regardless of any immigration consequences. Accordingly, Dominguez waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Dominguez also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Dominguez. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against her.

No provision of this agreement shall preclude Dominguez from pursuing in an appropriate forum, when permitted by law, a claim that she received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between Dominguez and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

Todd W. Blanche
United States Deputy Attorney
General

Alina Habba
Acting United States Attorney and
Special Attorney

*/s/ Rebecca A. Sussman*

By:      Rebecca A. Sussman
Assistant U.S. Attorney

APPROVED:

*/s/ Katherine J. Calle*

Katherine J. Calle
Deputy Chief, Criminal Division

- 6 -

I have received this letter from my attorney, Peter Kapitonov, Esq. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_____    Date: 08/14/2025
Karla Suyapa Dominguez
Defendant


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____    Date: 08/14/2025
Peter Kapitonov, Esq.
Counsel for Defendant


- 7 -

<u>Plea Agreement with Dominguez</u>

<u>Schedule A</u>

1. The United States Attorney's Office for the District of New Jersey and Karla Suyapa Dominguez agree to the following facts:

  a. Between in or around April 2023 through in or around May 2025, in Essex County, in the District of New Jersey and elsewhere, Dominguez, knowingly uttered, used, attempted to use, possessed, obtained, accepted, and received a visa, permit, border crossing card, alien registration receipt card, and other document prescribed by statute or regulation for entry into or as evidence of authorized stay and employment in the United States, knowing it to be forged, counterfeited, altered, and falsely made, and to have been procured by means of any false claim or statement, and to have been otherwise procured by fraud and unlawfully obtained.

2. The parties agree that a sentence of time served (the "Stipulated Sentence") is reasonable taking into account all of the factors under 18 U.S.C. § 3553(a). The parties recognize, however, that the Stipulated Sentence will not bind the District Court. The parties agree not to seek any sentence outside the Stipulated Sentence.

3. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.

4. If the District Court imposes the Stipulated Sentence:

  a. This Office will not appeal any component of that sentence. The term "any component of that sentence" means the term of imprisonment, the term (and conditions) of supervised release, any fine, any restitution, any forfeiture, and the special assessment.

  b. Dominguez will not challenge her conviction for any reason by any means, other than ineffective assistance of counsel, and she will not challenge or seek to modify any component of her sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the sentence under 18 U.S.C. § 3582(c)(1) or (2), or any other motion, however captioned, that seeks to attack or modify the judgment of conviction or any component of the sentence.

  c. These waiver provisions, however, do not apply to:

i. Any component of the sentence that is below an applicable statutory minimum penalty or above an applicable statutory maximum penalty for Dominguez's offense of conviction;

ii. Any proceeding to revoke the term of supervised release;

iii. A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A); or

iv. An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

5. Lastly, the parties have stipulated to certain facts above. The parties recognize that none of those stipulations bind the District Court. Furthermore, neither party will challenge at any time, using any means, the District Court's acceptance of a stipulated fact.